

WRITER'S DIRECT DIAL
(914) 723-7389
RGolden@LSLLP.com

July 10, 2019

**VIA ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 703
New York, New York 10007

      RE:    **Infinity Headwear & Apparel v. Allstar Prods. Group, LLC, 15-cv-02246**
              **Status Update of USPTO Reexamination Proceedings for Patent-in-Suit**

Dear Judge Aaron:

      We represent the defendant, Allstar Products Group, LLC ("Allstar"), and write with respect to the Court's Order dated June 22, 2015 (Doc. No. 70), granting, *inter alia,* Allstar's Motion to Stay pending Allstar's Request for Reexamination of the patent-in-suit (the "Request") to Patent and Trademark Office (the "PTO"). The Court's Order requested routine status updates of the Request.

      Since the date of the last status update, the Federal Circuit Court of Appeals heard oral argument and rendered its decision on Plaintiff's appeal. By Judgment dated May 17, 2019, the Court of Appeals affirmed the final decision of the Patent Trial and Appeal Board ("PTAB"). As explained below, this decision should put an end to the case.

      By way of background, in its complaint Plaintiff alleged that Allstar infringed U.S. Patent No. 8,864,544, entitled "Hooded Blanket and Stuffed Toy Combination" (the "Patent"). Defendant denied the allegations of infringement and asserted counterclaims for invalidity. Allstar filed the Request on May 15, 2015 and timely moved for a stay of this proceeding. The Court granted the stay on June 22, 2015 (Doc. No. 70).

      On October 21, 2015, the PTO issued an Office Action cancelling every claim of the Patent. Claims 1, 2, 7, 8, 10, 11, and 16 were cancelled pursuant to 35 U.S.C. § 102(b) as anticipated by a single piece of prior art, namely *Animal Wrapper 3rd*. This is the same piece of prior art that Allstar had identified to Infinity at the very commencement of the dispute. The remaining claims were all cancelled pursuant to 35 U.S.C. § 102(b) (based on different art) and/or 35 U.S.C. § 103(a) (as obvious).



Hon. Stewart D. Aaron, United States Magistrate Judge
RE:   Infinity Headwear & Apparel v. Allstar Prods. Group, LLC, 15-cv-02246
      Status Update of USPTO Reexamination Proceedings for Patent-in-Suit
July 10, 2019
Page 2 of 3

---

In response to the Office Action, on December 14, 2015, Plaintiff filed a response with the PTO, in which it: amended claims 1 (the only independent claim of the Patent), 2-9 and 18-20; cancelled claims 10-17; and added potential new claims 21-28.

On March 21, 2016, the PTO issued a Final Rejection of all claims (1-9 and 18-28) of the Patent pursuant to 35 U.S.C. §§ 102, 103 and/or 305. By additional filing on April 21, 2016, Plaintiff again argued to the PTO. On May 4, 2016, the PTO issued an "Advisory Action" again rejecting Plaintiff's arguments.

On June 3, 2016, Plaintiff filed a Notice of Appeal with the PTAB. Plaintiff filed its appeal brief on August 22, 2016. On May 1, 2017, the PTAB issued a decision affirming in part and reversing in part the Final Rejection. The PTAB upheld the rejection of all claims that had originally existed in the Patent, but the PTAB reversed the examiner with respect to new claims 21-25 (which Plaintiff added during the course of the Reexamination).

On June 30, 2017, Plaintiff filed a Request for Rehearing of the PTAB decision, rather than an immediate appeal to the Federal Circuit. On March 26, 2018, the PTAB reheard the appeal, but otherwise affirmed the underlying decision.

On May 21, 2018, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Federal Circuit. As noted above, the Federal Circuit has now heard oral argument and rendered its opinion, affirming the final determination of the PTAB. In other words, ALL of the claims that existed in the Patent at the time Plaintiff filed its infringement action remain cancelled.

Absent a successful appeal to the Supreme Court, Plaintiff's currently existing complaint fails to state a cause of action against Allstar, as the PTAB cancelled, and the Federal Circuit affirmed the cancellation of, all of the claims of the Patent that existed at the time Plaintiff filed its complaint. Thus, there can be no infringement of the "old claims."

With respect to the new claims that Plaintiff added to the Patent as part of the Reexamination proceeding, because the "new claims" are not "substantially identical" to claims that existed in the original Patent, Allstar can have no liability for any alleged act of infringement occurring *before* the date of issuance of the reexamined patent. See 35 U.S.C. § 252, as effective with respect to reexamination proceedings by virtue of 35 U.S.C. § 307. Indeed, Plaintiff cannot now assert that the new claims are substantially identical to the cancelled claims because such an assertion would be (1) a tacit admission that the new claims are invalid for the same reasons the



Hon. Stewart D. Aaron, United States Magistrate Judge
RE:   Infinity Headwear & Apparel v. Allstar Prods. Group, LLC, 15-cv-02246
      Status Update of USPTO Reexamination Proceedings for Patent-in-Suit
July 10, 2019
Page 3 of 3

old claims are invalid and (2) directly contradictory to the arguments Plaintiff made to the PTO in favor of the new claims (and thus, barred by the doctrine of prosecution history estoppel).

With respect to the new claims, leaving aside the fundamental fact that Allstar has not ever infringed them, pursuant to 35 U.S.C. §§ 252 and 307, even if Allstar's products do infringe the new claims, Allstar would enjoy "intervening rights." Stated otherwise, Allstar would have the legal right to continue to make and sell the product it made and sold before the new claims were approved, notwithstanding the fact that such products may infringe the new claims.

Accordingly, unless Plaintiff feels compelled to delay the inevitable by filing a petition for certiorari to the Supreme Court, Allstar expects that Plaintiff will act promptly to dismiss the action with prejudice. Failing prompt action by Plaintiff, Allstar will move the Court to dismiss the action and for its attendant costs and attorneys fees.

Thank you for your attention to this matter.

Very truly yours,

**LACKENBACH SIEGEL LLP**

*Rob Golden*

Robert B. Golden

Cc:   Opposing Counsel (By ECF)